PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOLORES SEIFERT, *et al.*, ) | |
| ) | CASE NO. 1:16CV2629 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHRISTINA R. SCHOECKLER, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |
| | [Resolving ECF Nos. 17 and 22] |

Pending is Defendant Transamerica Life Insurance Company's ("Transamerica Life") Motion to Transfer Venue to the Middle District of Florida Pursuant to 28 U.S.C. § 1404 (ECF No. 17), filed on December 15, 2016. The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law. For the reasons set forth below, Transamerica Life's motion is granted.

---

[1] Defendant Christina R. Schoeckler ("Schoeckler") joins in Transamerica Life's motion. *See* Schoeckler's Response to and Joinder in Transamerica Life's Motion (ECF No. 34). Plaintiffs were required to serve and file a memorandum in opposition to Transamerica Life's motion on or before January 13, 2017. *See* Order (ECF No. 29). Plaintiffs, however, did not file a memorandum.
   Plaintiffs did file a timely Amended Complaint (ECF No. 32) on January 9, 2017. *See* Non-document Order dated January 9, 2017. The filing, however, does not moot Transamerica Life's motion or Schoeckler's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 22) because both motions are still applicable to the Amended Complaint (ECF No. 32). *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

(1:16CV2629)

Plaintiffs Dolores Seifert and Brian A. Seifert are the mother and brother of Dr. Scott A. Seifert, who died and was autopsied in Orange County, Florida in 2016. The Orange County Sheriff's Office conducted an investigation into the facts and circumstances surrounding Dr. Seifert's death. *See* Homicide Investigation Report (ECF No. 32-3). Plaintiffs are citizens of Ohio. On October 27, 2016, Plaintiffs brought this diversity case against Schoeckler, the ex-wife of decedent, and Transamerica Life, one of decedent's life insurers, regarding a claim for $1 million in insurance benefits.[2] Dr. Seifert was a citizen of Florida. Schoeckler has been a citizen of Florida since 2007. Transamerica Life is a company organized and existing under the laws of Iowa with its principal place of business located in Cedar Rapids, Iowa. Dr. Seifert named Schoeckler as beneficiary of the Transamerica Life policy (ECF No. 13-1 at PageID #: 138-52), which was applied for in Orange County, Florida. *See* Application (ECF No. 13-1) at PageID #: 137. Plaintiffs assert that decedent's naming his ex-wife as beneficiary in a recent Will (ECF No. 17-1) (signed in Florida and filed in Orange County, Florida), as well as the circumstances surrounding the procurement of the insurance policy, is "highly suspicious;" and they believe Schoeckler "participated in or contributed to" decedent's death. ECF No. 32 at PageID #: 304, ¶¶ 72 and 74. Plaintiffs seek a determination from the Court that they are entitled to the $1 million Transamerica Life insurance proceeds.

Transamerica Life moves the Court to transfer the case to the Middle District of Florida for two primary reasons. First, there is a lack of minimum contacts between Schoeckler and the

---

[2] On December 19, 2016, Sun Life Assurance Company of Canada and AIG Insurance were dismissed without prejudice. *See* Marginal Entry Order (ECF No. 19).

2

(1:16CV2629)

Northern District of Ohio during the relevant time period.  Second, the relevant events occurred in Orange County, Florida.

The Court's authority to transfer venue is based on two statutes, 28 U.S.C. §§ 1404(a) and 1406(a).  Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum.  Specifically, § 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  Section 1406(a) does not require that this Court have personal jurisdiction over the defendant before transferring the case. *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962) (utilizing § 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice.  It provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . .[3]

The following factors enter into a court's consideration of a motion for change of venue:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer.

---

[3] Notably, Plaintiffs previously filed a motion to transfer recognizing that this action could have been properly brought in the Middle District of Florida.  *See* ECF No. 3 at PageID #: 34, ¶ 20; *see also*, 28 U.S.C. § 1391(b)(2) (where jurisdiction is based upon diversity, venue is appropriate in a district in which a substantial part of the events giving rise to the claim occurred).

3

(1:16CV2629)

*Roberts Metals v. Florida Properties Marketing*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* No. 93-1562, 1994 WL 84735 (Fed. Cir. March 14, 1994). Further, two additional factors that courts consider are plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 92, n. 2. *See also Armco, Inc. v. Reliance National Insurance Company*, No. C-1-96-1149, 1997 WL 311474, at *4 (S.D.Ohio May 30, 1997) ("the balance need not be 'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer"); *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982). The language of the statute also indicates that the Court has broad discretion in ruling on such motions. *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D.Ohio 1987) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

     Most, if not all, of the relevant events surrounding the Transamerica Life policy (ECF No. 13-1 at PageID #: 138-52), the Will (ECF No. 17-1), and Dr. Seifert's death, occurred in Orange County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida. In weighing the above relevant factors (particularly the fact that many of the witnesses, including Schoeckler, reside in Orange County, Florida), the Court holds that Transamerica Life has met its burden of proving that transfer is appropriate. For the reasons that have been articulated in the memoranda providing the points and authorities on which Defendants rely in support of Transamerica Life's motion, Defendant Transamerica Life Insurance Company's Motion to Transfer Venue to the Middle District of Florida Pursuant to 28 U.S.C. § 1404 (ECF No. 17) is granted. This case is transferred for all further proceedings to the

(1:16CV2629)

United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

Additionally, such a transfer makes moot Schoeckler's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 22).

The Telephonic Case Management Conference set before the undersigned on January 30, 2017 is cancelled.

IT IS SO ORDERED.

 January 27, 2016                                /s/ Benita Y. Pearson
Date                                                  Benita Y. Pearson
                                                          United States District Judge